## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| LR TRUST, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | **C.A. NO. . 17-cv-00426-WMW-KMM** |
| ARCTIC CAT, INC., KIM A. BRINK, TONY J, CHRISTIANSON, ANDREW S. DUFF, SUSAN E. LESTER, CHRISTOPHER T. METZ, JOSEPH F. PUISHYS, and KENNETH J. ROERING, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**STIPULATION CONCERNING PLAINTIFF'S VOLUNTARY DISMISSAL OF THE ABOVE ACTION WITH PREJUDICE AND PLAINTIFF'S COUNSEL'S ANTICIPATED APPLICATION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES**

WHEREAS, on January 25, 2017, Arctic Cat, Inc. ("Arctic Cat" or the "Company") and Textron Inc. ("Textron") announced that they had entered into an Agreement and Plan of Merger, dated as of January 24, 2017, among Arctic Cat, Textron, and Textron's wholly-owned subsidiary Aces Acquisition Corp. ("Merger Sub"), pursuant to which Merger Sub would commence a tender offer (the "Tender Offer") to acquire all of the outstanding shares of Arctic Cat common stock for $18.50 per share in cash (the "Merger");

WHEREAS, on February 2, 2017, Arctic Cat filed a Recommendation Statement on a Schedule 14D-9 (the "Recommendation Statement") with the SEC.  Among other things, the Recommendation Statement (i) summarized the Merger Agreement, (ii) provided an account of the events leading up to the execution of the Merger Agreement, (iii) stated that the Arctic Cat's board of directors determined that the Merger was in the best interests of Arctic Cat's stockholders

and recommended the Tender Offer and the Merger, and (iv) summarized the valuation analyses and fairness opinion by Robert W. Baird & Co. Incorporated ("Baird"), the financial advisor to Arctic Cat;

WHEREAS, on February 8, 2017, plaintiff LR Trust ("Plaintiff") filed a purported class action lawsuit in the District Court for the District of Minnesota, on behalf of himself and other public stockholders of Arctic Cat, challenging the adequacy of the disclosures made in the Recommendation Statement, captioned:  *LR Trust v. Arctic Cat, Inc., et al.*, Case No. 17-cv-00426 (the "Action");

WHEREAS, this lawsuit alleged, among other things, that Defendants Arctic Cat, Inc., Kim A. Brink, Tony J, Christianson, Andrew S. Duff, Susan E. Lester, Christopher T. Metz, Joseph F. Puishys, and Kenneth J. Roering (collectively, the "Defendants") committed disclosure violations under Sections 14(d)(4), 14(e) and 20(a) of the Securities and Exchange Act of 1934 (the "Exchange Act"), and Rule 14d-9 promulgated thereunder;

WHEREAS, on February 13, 2017, Plaintiff in a related case, *Pajnigar v. Arctic Cat, Inc., et al.*, Case No. 17-cv-00443, filed a motion seeking expedited discovery and the entry of a temporary restraining order in connection with the Tender Offer and the Merger (the "TRO Motion"), seeking to have the closing of the Tender Offer enjoined pending the supplementation and correction of the Recommendation Statement;

WHEREAS, on February 17, 2017, Arctic Cat filed Amendment No. 4 to the Schedule 14D-9 with the SEC containing corrective disclosures to the Recommendation Statement (the "Corrective Disclosures");

WHEREAS, that same day, February 17, 2017. Plaintiff in a related case, *Pajnigar v. Arctic Cat, Inc., et al.*, Case No. 17-cv-00443, withdrew his TRO Motion;

WHEREAS, Plaintiff agrees that as a result of the filing of the Corrective Disclosures, the claims related to the Recommendation Statement and the Merger identified in the complaint were rendered moot; and

WHEREAS, on March 6, 2017, the Tender Offer closed and Textron successfully completed its acquisition of the Company;

WHEREAS,  Plaintiff asserts that the prosecution of the Action caused Defendants to issue the Corrective Disclosures and Plaintiff's counsel may assert a claim for attorneys' fees and expenses in connection with the common benefit provided to Arctic Cat's stockholders as a result of the filing of the Corrective Disclosures;

WHEREAS Plaintiff's counsel has informed Defendants that Plaintiff intends to petition the Court for such fees and expenses if their claim cannot be resolved through negotiations between counsel for Plaintiff and Defendants (the "Mootness Fee Claim");

WHEREAS, all of the Defendants in the Action reserve the right to oppose the Mootness Fee Claim;

WHEREAS, no class has been certified in the Action;

WHEREAS, for the avoidance of doubt, no compensation in any form has passed directly or indirectly to Plaintiff or his attorneys and no promise, understanding, or agreement to give any such compensation has been made, nor have the parties had any discussions concerning the amount of any mootness fee;

**IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned attorneys for the respective parties:

1.     Plaintiff hereby agrees to voluntarily dismiss the Action as to all Defendants, with prejudice as to Plaintiff only, and without prejudice as to all other members of the putative class;

2.     The Action shall be so dismissed upon the entry of this Stipulation;

3.     Because no class has been certified, the dismissal is without prejudice as to the putative class, and no compensation has been promised or paid to Plaintiff or Plaintiff's counsel, notice of this dismissal is not required;

4.     The Court retains jurisdiction of the Action solely for the purpose of determining Plaintiffs' forthcoming Mootness Fee Claim, if that becomes necessary;

5.     This Order is entered without prejudice to any right, position, claim or defense any party may assert with respect to the Mootness Fee Claim, which includes the Defendants' right to oppose the Mootness Fee Claim;

6.     Unless resolved through compromise beforehand, or otherwise agreed upon in writing, Plaintiff shall file his Mootness Fee Claim by April 27, 2017; and

7.     If the parties reach an agreement concerning the Mootness Fee Claim, they will notify the Court.  Upon such notification, the Court will close the Action.

By:  /s/ Douglas B. Altman
Douglas B. Altman (#13854X)
Altman & Izek
901 North Third Street
Suite 140
Minneapolis, MN 55401

/s/ Terrence J. Fleming
Terrence Fleming
Sandra Smalley-Fleming
FREDRIKSON & BYRON, P.A.
200 South Sixth Street
Suite 4000
Minneapolis, MN 55402

612-335-3700
daltmanlaw@gmail.com

*Attorney for Plaintiff*

**OF COUNSEL:**

WEISSLAW LLP
Richard A. Acocelli
Michael A. Rogovin
Kelly C. Keenan
1500 Broadway, 16th Floor
New York, New York 10036
Tel.: (212) 682-3025
Fax: (212) 682-3010

*Counsel for Plaintiff*

Tel.: (612) 492-7000
Email: tfleming@fredlaw.com
         ssmalleyfleming@fredlaw.com

*Attorneys for Defendants Arctic Cat, Inc.,
Kim A. Brink, Tony J, Christianson,
Andrew S. Duff, Susan E. Lester,
Christopher T. Metz, Joseph F. Puishys,
and Kenneth J. Roering*

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2017, I caused to be electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the all registered participants.

*/s/ Douglas B. Altman*
Douglas B. Altman