# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF MINNESOTA

| | |
|---|---|
| LR TRUST, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | **C.A. NO. 17-cv-00426-WMW-KMM** ) ) |
| ARCTIC CAT, INC., KIM A. BRINK, TONY J, CHRISTIANSON, ANDREW S. DUFF, SUSAN E. LESTER, CHRISTOPHER T. METZ, JOSEPH F. PUISHYS, and KENNETH J. ROERING, | ) ) ) ) ) ) |
| Defendants. | ) ) |

## STIPULATION CONCERNING PAYMENT OF PLAINTIFF'S COUNSEL'S ATTORNEYS' FEES AND EXPENSES AND REQUEST FOR ORDER CLOSING THE ABOVE ACTION FOR ALL PURPOSES

WHEREAS, on January 25, 2017, Arctic Cat, Inc. ("Arctic Cat" or the "Company") and Textron, Inc. ("Textron") announced that they had entered into an Agreement and Plan of Merger ("Merger Agreement"), dated as of January 24, 2017, among Arctic Cat, Textron, and Textron's wholly-owned subsidiary Aces Acquisition Corp. ("Merger Sub"), pursuant to which Merger Sub would commence a tender offer (the "Tender Offer") to acquire all of the outstanding shares of Arctic Cat common stock for $18.50 per share in cash (the "Transaction");

WHEREAS, on February 2, 2017, Arctic Cat filed a Recommendation Statement on a Schedule 14D-9 (the "Recommendation Statement") with the SEC.  Among other things, the Recommendation Statement (i) summarized the Merger Agreement, (ii) provided an account of the events leading up to the execution of the Merger Agreement, (iii) stated that Arctic Cat's board of directors determined that the Tender Offer and Transaction were in the best interests of

Arctic Cat's stockholders and recommended the Company's stockholders tender their stock in the Tender Offer, and (iv) summarized the valuation analyses and fairness opinion by Robert W. Baird & Co. Incorporated ("Baird"), the financial advisor to Arctic Cat;

WHEREAS, on February 8, 2017, plaintiff LR Trust ("Plaintiff") filed a purported class action lawsuit in the District Court for the District of Minnesota, on behalf of himself and other public stockholders of Arctic Cat, challenging the adequacy of the disclosures made in the Recommendation Statement, captioned: *LR Trust v. Arctic Cat, Inc., et al.*, Case No. 17-cv-00426 (the "Action");

WHEREAS, this lawsuit alleged, among other things, that Defendants Arctic Cat, Inc., Kim A. Brink, Tony J, Christianson, Andrew S. Duff, Susan E. Lester, Christopher T. Metz, Joseph F. Puishys, and Kenneth J. Roering (collectively, the "Defendants") committed disclosure violations under Sections 14(d)(4), 14(e) and 20(a) of the Securities and Exchange Act of 1934 (the "Exchange Act"), and Rule 14d-9 promulgated thereunder;

WHEREAS, on February 17, 2017, Arctic Cat filed Amendment No. 4 to the Schedule 14D-9 with the SEC containing supplemental disclosures to the Recommendation Statement (the "Corrective Disclosures");

WHEREAS, Plaintiff agrees that as a result of the filing of the Corrective Disclosures, the disclosure issues related to the Proposed Transaction identified in the complaint have become moot;

WHEREAS, on March 6, 2017, the Tender Offer for Arctic Cat common stock expired and Textron successfully completed its acquisition of the Company;

WHEREAS, on March 10, 2017, Plaintiff filed a Stipulation of Dismissal, joined by Defendants, agreeing to dismissal of Plaintiff's claims with prejudice, preserving the Court's

jurisdiction to potentially resolve Plaintiff's claim for a mootness fee in connection with the issuance of the Corrective Disclosures ("Mootness Fee Claim");

WHEREAS, on March 21, 2017, the Court entered an Order (the "Dismissal Order") that, among other things, dismissed with prejudice all of Plaintiff's claims and directed the clerk to close the case;

WHEREAS, only subsequent to the filing of the Stipulation of Dismissal, the parties negotiated at arms' length to resolve the Mootness Fee Claim;

WHEREAS, on or around March 23, 2017, the parties reached agreement with respect to the Mootness Fee Claim without the need of further litigation, with respect to this Action and related actions *Parshall v. Arctic Cat, Inc., et al.*, Case No. 27-CV-17-2073 (Hennepin Cty. District Court) and *Pajnigar v. Arctic Cat, Inc., et al.*, Case No. 17-cv-00443 (the "*Pajnigar* Action"), as set forth in the Stipulation Concerning Payment of Plaintiff's Counsel's Attorney's Fees and Expenses filed on May 27, 2017 in the *Pajnigar* Action and attached hereto as Exhibit A;

WHEREAS, a [Proposed] Order consistent with this Stipulation will be provided to the Court via email to chambers and served in accordance with the procedures set forth in the Court's most recent civil ECF Guide;

WHEREAS, Defendants have denied and continue to deny any wrongdoing and contend that no claim asserted in the Action was ever meritorious;

NOW, THEREFORE, the parties stipulate to the above and consent to entry of the [Proposed] Order, subject to the approval of the Court.

By:  /s/ Douglas B. Altman
Douglas B. Altman (#13854X)
Altman & Izek
901 North Third Street
Suite 140
Minneapolis, MN 55401
612-335-3700
daltmanlaw@gmail.com

  *Attorney for Plaintiff*

**OF COUNSEL:**

WEISSLAW LLP
Richard A. Acocelli
Michael A. Rogovin
Kelly C. Keenan
1500 Broadway, 16th Floor
New York, New York 10036
Tel.: (212) 682-3025
Fax: (212) 682-3010

*Counsel for Plaintiff*

/s/ Terrence J. Fleming
Terrence Fleming
Sandra Smalley-Fleming
FREDRIKSON & BYRON, P.A.
200 South Sixth Street
Suite 4000
Minneapolis, MN 55402
Tel.: (612) 492-7000
Email: tfleming@fredlaw.com
         ssmalleyfleming@fredlaw.com

*Attorneys for Defendants Arctic Cat, Inc.,
Kim A. Brink, Tony J, Christianson,
Andrew S. Duff, Susan E. Lester,
Christopher T. Metz, Joseph F. Puishys,
and Kenneth J. Roering*